Dear Mr. Elliott:
This office is in receipt of your request for an opinion of the Attorney General on behalf of the Fireman's Supplemental Pay Board. You present two problems.
You inquire as to a possible dual officeholding problem of Algie Breaux and the legality of his drawing supplemental pay since July 1, 1990 as Fire Chief for the Bell City/Hayes/Homewood Volunteer Fire Department in Ward 2, Fire District #1 of Calcasieu Parish, and prior to that as Fire Chief in Lake Charles after having been elected Police Jury member from District 10 of Calcasieu Parish and having served since Jan. 1, 1992.
You ask if Chief Breaux as Chief of the Ward 2, Fire District 1 Volunteer Fire Department is precluded from drawing Firemen's Supplemental pay while serving as police Juror in District 10, and if so, should the Firemen's Supplemental Pay Board seek reimbursement retroactive to Jan. 1, 1992 when he was elected as Police Juror.
You also inquiry about one William C. Taylor who has received Fireman's Supplemental Pay since Oct. 31, 1993 as Fire Chief of Bienville Parish Wards 1 and 2 Fire District and has applied for Constable Supplemental Pay having been elected Constable of Justice of the Peace Court Ward 1, Parish of Bienville and took office on Oct. 6, 1990.
You ask if there is any prohibition against receiving Fireman's and Constable's Supplemental Pay contemporaneously, and if so, who is the proper party to seek reimbursement and for which supplemental pay, assuming both have been paid.
R.S. 42:62(D) prohibits a person holding an electiveoffice in a political subdivision of the state from holding at the same time another elective office or full-timeappointive office in the government of this state or in the government of a political subdivision thereof.
In the two cases presented each individual holds an elective office — one as a Police Juror and the other as Constable, and are prohibited from holding full-time appointive office. However, we have not been informed whether the positions held as Fire Chief are full-time as is prohibited by the dual officeholding laws.
Assuming the positions of Fire Chief are not full-time and, there-fore, not prohibited under R.S. 41:62(D), there still may be a problem in holding the position of Police Juror and Fire Chief if the appointment of Fire Chief is made by the police jury or is in part funded by the police jury inasmuch as R.S. 42:64
prohibits incompatible offices which include when the incumbent of one office, whether or not in conjunction with fellow officers, has the power to appoint the incumbent of the other, or when one office is charged with auditing accounts or approving the budget of the other position. Atty. Gen. Op. No. 94-58 found the latter prohibition exists even in those situations where funding comes additionally from other sources.
This office has found no prohibition against receiving two supplemental payments when validly qualified for two positions that provide for supplemental pay. Atty. Gen. Op. No. 96-217. However, reimbursement of funds can be sought for violation of the dual officeholding law rather than for having received two supplemental payments. The remedy for recovery of funds erroneously paid for a position prohibited by the dual officeholding law is set forth in R.S. 42:65 by filing a declaratory judgment suit which allows the court upon declaring that the person is holding office in violation of the dual officeholding law to order the reimbursement to the appropriate governmental body of all pay or other compensation not to exceed six months preceding the filing of the suit for declaratory judgment.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
By: ________________________________________
 BARBARA B. RUTLEDGE Assistant Attorney General
BBR